UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61048-CIV-DIMITROULEAS

HOLLYWOOD MOBILE ESTATES LIMITED,
a Michigan Limited Partnership,

    Plaintiff,

vs.

SEMINOLE TRIBE OF FLORIDA and UNITED
STATES DEPARTMENT OF THE INTERIOR,
DIRK KEMPTHORNE, in his official capacity as
SECRETARY OF THE INTERIOR,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISQUALIFY BRUCE ROGOW

THIS CAUSE is before the Court upon the Plaintiff's Motion for Emergency Hearing Pursuant to Rule 7E1. to Determine Whether Counsel has a Disqualifying Conflict [DE 4]. The Court has carefully considered the Motion, the Defendant's Response [DE 13],[1] Plaintiff's Reply [DE 20], the arguments and evidence presented by counsel and the sworn testimony of Bruce Rogow and Jim Shore at the hearing before the undersigned on July 25, 2008, and is otherwise fully advised in the premises.

In this case, Defendant, Seminole Tribe of Florida ("Tribe") moves to disqualify lead counsel for the Plaintiff, Bruce Rogow ("Rogow"). In support of their argument, the Tribe states that Rogow has been an attorney for the Tribe since 1983 when he was initially retained to defend a member of the Tribe in matters concerning a potential violation of the endangered species act and later the tribe in multiple cases involving Indian Gaming. The Defendant alleges

---

[1] Because of the odd procedural posture of this Motion, the Court will construe the Defendant's Response [DE 13] as the Motion to Disqualify in this case.

that Rogow has, through this representation, gained inside information into the inner workings of the tribe, including their litigation strategy, internal procedures, counsel member's personalities and finances. The Tribe argues that they will be materially prejudiced if Rogow is permitted to remain as lead counsel on this case. They further argue that, until Rogow appeared as counsel of record here, they considered him to be a continuing part of their legal team. In support of this claim, the Tribe points to recent instances where the Tribe has given Rogow complimentary concert tickets and hotel rooms at the Hard Rock Hotel.[2]

In response, Rogow argues that he has only done approximately ten (10) hours of work for the Tribe in the past seven (7) years.[3] Rogow argues that he has never done any work for the Tribe regarding any of its leaseholds and did not even know that Hollywood Mobile Estates Limited existed until this case began. Accordingly, he argues that he has gained no confidential information with respect to this wholly unrelated case and knows no more about the Tribe with respect to this case than another attorney who reads publicly available information. Although this case is a close call, the Court ultimately agrees with the Plaintiff.

While the Defendant argues that they still considered Rogow to be part of their legal staff, this was undercut by the evidence presented at trial. The Court finds, that while this would have been an easier decision had Rogow given the Tribe written notice that he no longer intended to represent them, the Tribe was at least on constructive notice that Rogow no longer represented them when Rogow began to represent the pari-mutuals, who are in direct competition with the

---

[2] The testimony presented by both Rogow and Shore, however, suggests that these tickets were provided by Shore personally, rather than by the Tribe at large. The tickets appear to be more a favor between friends than a favor for a Tribe employee.

[3] Although in the Parties' briefs and affidavits, Rogow claimed to have done no work since 2001, the Tribe produced a bill from Rogow for legal services provided in 2004. Rogow did not dispute this but could not recall precisely what work he did for the Tribe in 2004.

Tribe with respect to gaming. Accordingly, the Court finds that the Tribe was a "former" rather than "current" client of Rogow's.

The standard for disqualifying an attorney for representing interests adverse to a "former" client, where there is no specifically identifiable evidence of wrongdoing,[4] is a stringent one. However, an attorney can be disqualified even when there is no evidence of actual wrongdoing. U.S. v. Hobson, 672 F.3d 825, 828 (11th Cir. 1982); see also Norton v. Tallahassee Mem'l Hosp., 689 F.2d 938, 941 (11th Cir.1982).  In determining whether an attorney should be disqualified absent evidence of actual wrongdoing, the Eleventh Circuit requires that a two-prong test be satisfied.  First, "there must be at least a reasonable possibility that some specifically identifiable impropriety did in fact occur," Id., and second "a court must also find that the likelihood of public suspicion or obloquy outweighs the social interests which will be served by a lawyer's continued participation in a particular case." Id.  Both of these standards must be satisfied in order to warrant the disqualification of an attorney.  Id.  In Norton, the Eleventh Circuit clarified that this standard requires the Court to look only at impropriety that has already occurred in the past.  689 F.2d at 941.  The Eleventh Circuit held that the district court had erred at looking at the impropriety that might reasonably occur in the future.  Id.

Applying this standard to the facts at hand in this case, the Court finds that the Motion must be denied.  While there may be some appearance of impropriety in this case, as knowledgeable people in the legal arena associate Bruce Rogow with the Seminole Indian Tribe, there has been no evidence presented that rises to a "reasonable possibility that some specifically identifiable impropriety" has already occurred.  Accordingly, the Motion for Disqualification

---

[4] Neither the affidavits nor the live testimony presented by the Defendant pointed to any specific instance of wrongdoing by Rogow.

must be Denied.

Accordingly, for the forgoing reasons, as well as those more fully elaborated by the undersigned at the July 25, 2008 hearing, it is **ORDERED AND ADJUDGED** that the Defendant's Motion to Disqualify Bruce Rogow [DE 13] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of July, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record