UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61048-CIV-DIMITROULEAS

HOLLYWOOD MOBILE ESTATES LIMITED,
a Michigan Limited Partnership,

    Plaintiff,

vs.

SEMINOLE TRIBE OF FLORIDA and UNITED
STATES DEPARTMENT OF THE INTERIOR,
DIRK KEMPTHORNE, in his official capacity as
SECRETARY OF THE INTERIOR,

    Defendants.
_____/

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

THIS CAUSE is before the Court upon the Plaintiff's Emergency Motion for Preliminary Injunction [DE 4].  The Court has carefully considered the Motion, Plaintiff's Emergency Addendum to Both Emergency Motion for Preliminary Injunction and Motion for Emergency Hearing Pursuant to Rule 7E1 [DE 6], the Federal Defendants' Response to Plaintiff's Emergency Motion for Preliminary Injunction [DE 11], the Defendant, Seminole Tribe of Florida's Response [DE 15], Plaintiff's Reply [DE 19], the arguments and evidence presented by counsel and the sworn testimony of Gary Griglik and Daniel Adkins at the hearing before the undersigned on July 25, 2008, and is otherwise fully advised in the premises.

This case involves a lease agreement ("Lease") by the Plaintiff Hollywood Mobile Estates Limited ("Hollywood") from the Defendant Seminole Tribe of Florida ("Tribe").  The Lease was entered into in 1969 and has a term of 55 years.  The Plaintiff was assigned the lease on March

20, 1986.  The lease contemplates use of the property as a mobile home park with rent established either as a percentage of the rent collected or a guaranteed minimum annual rent. Plaintiff alleges that the lease contains a binding arbitration clause in the event that the parties are unable to reach an agreement as required under the Lease.

Both parties had performed their obligations under the Lease without incident up until June 17th of this year when the Tribe formally served Hollywood with a letter of default. Hollywood responded to the notice of default by requesting an "Arbitration Board" as it believes is required under the Lease.  On July 15, 2008 the Plaintiff filed the instant Emergency Motion for Preliminary Injunction [DE 5].  Later that same day, the Tribe re-entered and re-took the premises and unilaterally terminated the Lease.

Preliminary relief requires the movant to satisfy the four traditional criteria: (1) substantial likelihood of success on the merits; (2) substantial threat of irreparable injury, (3) the threatened injury outweighs the potential damage to the opposing party; and (4) the injunction would not be adverse to the public interest.  See Davidoff & Cie, S.A. v. PLD Int'l Corp., 263 F.3d 1297, 1300 (11th Cir. 2001).  Because the Plaintiff fails to meet the first prong of the test for preliminary relief, the Plaintiff's Motion must be denied.

While the Plaintiff recognizes that as a general rule Indian tribes, such as the Seminoles, are immune from suit, it argues that this is an exception because the Lease expressly waived sovereign immunity via its agreement to arbitrate.  See C & Enters., Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma, 532 U.S. 411 (2001).  However, the Tribe argues, and the Court agrees, that the arbitration clause in the Lease does not apply to the Default provision and therefore the Tribe has not waived its sovereign immunity.

The Lease's agreement to arbitrate provides that:

> Whenever during the term of this lease the Lessee, the Lessor, and the Secretary are unable to reach an agreement **as required by this lease**, and it becomes necessary to submit a matter to arbitration for settlement, an Arbitration Board shall be established.

Article 5.G (emphasis added). Therefore, the agreement to arbitrate only applies as required by the Lease. As the Tribe points out, many individual provisions of the Lease specifically provide that a failure to agree will result in arbitration. There is no such provision in Article 18, which covers Default under the Lease. In contrast, Article 18 specifically provides that after notice and an opportunity for cure the Tribe may "Re-enter the premises and remove all persons and property therefrom, excluding property belonging to authorized sub-lessees. . ." This language belies any argument that the Tribe has clearly waived its sovereign immunity with respect to this portion of the Lease by agreeing to binding arbitration. Accordingly, because the agreement to arbitrate does not apply to the Default provisions of the Lease, the Tribe has not waived their sovereign immunity and therefore Plaintiff Hollywood Mobile Estates Limited has no likelihood of success on the merits. Without a substantial likelihood of success on the merits, preliminary injunctive relief is inappropriate.

Accordingly, for the forgoing reasons, as well as those more fully elaborated by the undersigned at the July 25, 2008 hearing, it is **ORDERED AND ADJUDGED** that the Plaintiff's Emergency Motion for Preliminary Injunction [DE 4] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of July, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

3

Copies furnished to:

Counsel of record